**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Mason B.,
Petitioner Below, Petitioner

vs.) No. 20-0885 (Mercer County 20-C-59)

Donnie Ames, Superintendent,
Mt. Olive Correctional Complex,
Respondent Below, Respondent

**MEMORANDUM DECISION**

Self-represented petitioner Mason B. appeals the October 5, 2020, order of the Circuit Court of Mercer County denying his petition for a writ of habeas corpus.[1] Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and Lara K. Bissett, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is twenty-nine years old. In February of 2018, petitioner was indicted in the Circuit Court of Mercer County on one count of first-degree sexual assault; one count of sexual abuse by a parent, guardian, custodian, or person of trust; and one count of battery. According to the indictment, petitioner made "physical (oral) contact with the sex organs of [the victim],

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

without the consent of [the victim], which lack of consent resulted from the [victim], being younger than twelve years old[.]" Petitioner and the State reached a plea agreement. Petitioner agreed to plead guilty to third-degree sexual assault, as a lesser included offense of first-degree sexual assault, and to sexual abuse by a parent, guardian, custodian, or person of trust. The State agreed to dismiss the battery count and to recommend that petitioner's sentence for sexual abuse by a parent, guardian, custodian, or person of trust be suspended.

Based upon the audio recordings of the plea hearing, the habeas court found in its October 5, 2020, order that the trial court advised petitioner that it was not bound by the State's recommendation and engaged petitioner in a plea colloquy.[2] The trial court informed petitioner of the rights that he would be surrendering by pleading guilty, including the right to a trial by jury. The habeas court found that the record showed that "[p]etitioner understood his rights, the effect of his waiver, and the possible sentence that he could receive." The habeas court further found that petitioner was asked if he was pleading guilty because he was guilty, and he answered "yes."

At the plea hearing, the trial court also questioned petitioner's counsel about the number of meetings counsel had with petitioner and the extent to which counsel discussed with petitioner "the charges against him, the evidence[,] and his constitutional rights." Counsel proffered that, during numerous conferences with petitioner, "they discussed all of the charges against . . . [p]etitioner, the elements of each crime[,] all of his constitutional rights." The habeas court found that the trial court "asked . . . [p]etitioner if defense counsel's statements were correct and . . . [p]etitioner answered in the affirmative." The trial court accepted petitioner's guilty pleas, finding that they were voluntarily and intelligently made, and adjudged petitioner guilty of third-degree sexual assault and sexual abuse by a parent, guardian, custodian, or person of trust.

At the sentencing hearing, the trial court denied petitioner's request for alternative sentencing and imposed concurrent terms of incarceration of one to five years for third-degree sexual assault and ten to twenty years for sexual abuse by a parent, guardian, custodian, or person of trust. Petitioner did not file an appeal in his criminal case.

On March 2, 2020, petitioner filed a petition for a writ of habeas corpus, alleging ineffective assistance of counsel and disproportionate sentences.[3] By order entered on October 5, 2020, the habeas court found that, after reviewing the petition and the record before it, both

_____

[2]The habeas court listened to the audio recordings of the plea hearing in lieu of reading a transcript.

[3]In petitioner's habeas petition, he further "assert[ed] those additional grounds which may become evident upon further investigation of this matter." We find that the habeas court was not required to address unspecified grounds asserted in a single sentence. *See Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981) ("A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing.").

grounds of relief were without merit and that an evidentiary hearing and appointment of counsel were unnecessary. Accordingly, the habeas court denied the petition.

Petitioner now appeals the habeas court's October 5, 2020, order denying the habeas petition. This Court reviews a court order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Furthermore,

> [a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner argues that the denial of his petition without a hearing and appointment of counsel was erroneous. Respondent counters that the habeas court properly denied the petition. We agree with respondent and conclude that, pursuant to Syllabus Point 1 of *Perdue* and for the reasons set forth below, the habeas court committed no error in denying the petition without a hearing and appointment of counsel.[4]

---

[4]Petitioner asks this Court to overrule Syllabus Point 1 of *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973), arguing that appointment of counsel was statutorily required. Initially, we note that, as a matter of constitutional law, "there is no right to counsel in collateral proceedings." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Here, petitioner argues that the West Virginia post-conviction habeas corpus statute, West Virginia Code §§ 53-4A-1 through 53-4A-11, and the West Virginia Public Defender Services Act, West Virginia Code §§ 29-21-1 through 29-21-21, conflict over whether appointment of counsel is required in habeas proceedings. Respondent counters that the two statutes work harmoniously rather than conflict because, while "post-conviction challenges" are "eligible proceedings" pursuant to West Virginia § 29-21-2(2), West Virginia Code § 53-4A-4(a) provides that circuit courts have discretion to appoint counsel in specific habeas proceedings. *See* W. Va. Code § 29-21-6(f) (providing that Public Defender Services represents eligible persons in habeas proceedings "upon appointment by a circuit court"). We agree with respondent that there is no conflict between the statutes and decline petitioner's invitation to overrule Syllabus Point 1 of *Perdue*.

In arguing that counsel was ineffective in failing to prepare petitioner's case for trial and to retain an expert to evaluate the veracity of the victim's accusations of sexual abuse, petitioner acknowledges that he was convicted due to his guilty pleas. This Court employs a specific test for reviewing ineffective assistance claims in cases where the defendant pled guilty:

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

> . . . .

> In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Syl. Pts. 3 and 6, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id.* at 17, 528 S.E.2d at 213 (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)).

Here, we find that petitioner failed to allege in his habeas petition that, but for counsel's purported errors, he would have insisted on going to trial. The habeas court not only found that counsel's performance was not deficient, but also that, even if counsel could have conducted a more thorough investigation and/or retained an expert, it would not have led to a different result in petitioner's criminal case. Petitioner does not dispute that, when asked by the trial court at the plea hearing, he answered that he was pleading guilty because he was guilty. Therefore, we find that the circuit court properly rejected the ineffective assistance claim without a hearing and appointment of counsel.

In rejecting the claim that petitioner's aggregate sentence of ten to twenty years of incarceration was unconstitutionally disproportionate to his offenses, the habeas court relied upon this Court's decisions in *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982), and *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). In Syllabus Point 4 of *Goodnight*, we held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." 169 W. Va. at 366, 287 S.E.2d at 505. In Syllabus Point 4 of *Wanstreet*, we held that, "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there

is a life recidivist sentence." 166 W. Va. at 523, 276 S.E.2d at 207.[5]

Here, petitioner does not dispute that his sentences for third-degree sexual assault and sexual abuse by a parent, guardian, custodian, or person of trust were within the statutory limits for each of those offenses and not based on some impermissible factor. West Virginia Code § 61-8B-5(b) sets forth a maximum sentence for third-degree sexual assault, and West Virginia Code § 61-8D-5(a) set forth a maximum sentence for sexual abuse by a parent, guardian, custodian, or person of trust. Finally, no life recidivist sentence was imposed in petitioner's case. Therefore, we concur with the habeas court's finding that petitioner's sentences were not subject to review.

Furthermore, we note—as did the habeas court—that the trial court imposed concurrent rather than consecutive sentences. "When a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syl. Pt. 4 of *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016) (internal quotations and citations omitted). The trial court's exercise of discretion notwithstanding, petitioner argues that he is "effectively serving a life sentence." We agree with respondent's position that petitioner's argument is without merit. Therefore, we find that the habeas court properly rejected petitioner's claim of disproportionate sentences without a hearing and appointment of counsel. Accordingly, we conclude that the circuit court properly denied the habeas petition.

For the foregoing reasons, we affirm the October 5, 2020, order of the Circuit Court of Mercer County denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: September 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[5]In Syllabus Point 3 of *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981), this Court held that ""Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" *Id.* at 523, 276 S.E.2d at 206 (quoting Syl. Pt. 8, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980)).